IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROLAND SOSA | § | |
| VS. | § | CIVIL ACTION NO. 9:13-CV-280 |
| HAYS COUNTY COURTHOUSE | § | |

## **MEMORANDUM OPINION REGARDING VENUE**

Plaintiff, Roland Sosa, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against the defendant, the Hays County Courthouse.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Discussion

Venue in a civil rights action is determined pursuant to 28 U.S.C. § 1391(b). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred.

Plaintiff has sued the Hays County Courthouse which is located within the Western District of Texas. As plaintiff is suing the Hays County Courthouse, it would appear a substantial part of the events or omissions giving rise to his claims occurred in the Western District of Texas. Venue, therefore, is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claim against the defendant should be transferred to the Western District of Texas, Austin Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 14th day of November, 2013.

_____
Zack Hawthorn
United States Magistrate Judge